FILED
NOV 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| RALPH CLARK, )   Plaintiff, )   v. )   UNITED STATES, )   Defendant. ) | Civil Action No. 1:19-cv-01891 (UNA) |

## MEMORANDUM OPINION

Plaintiff filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on June 25, 2019. He failed to comply with District of Columbia Local Civil Rule 5.1(c), in that he listed a P.O. Box as his address, which is only permitted upon leave of court. The Court issued an order, *see* ECF No. 3, directing plaintiff to either file an amended complaint listing his full resident address or to file a separate motion setting forth his reasons for use of a P.O. Box. Plaintiff has now filed a "response for motion," arguing against provision of his resident address. He states that because he has complained before and/or about the Court of Federal Claims that his "privacy must come first," and argues that the onus in on this Court to "state the cause" for such necessity, despite the explicit directive in the Local Rules. He also argues that "if basic mail fails," he would be subject to hardship, insinuating that a P.O. Box allows for ease of signature and receipt. These arguments do not move the Court; therefore, the complaint is still subject to dismissal.

Additionally, plaintiff clarifies in his "response for motion" that he is specifically suing the Court of Federal Claims. The body of plaintiff's complaint indicates same. In the complaint, plaintiff alleges that the Court of Federal Claims engaged "an obstruction of justice" because of an incident wherein plaintiff disagreed with instructions from the Clerk of the Court regarding

filing logistics. He also alleges that he received additional instructions by letter from a Court of Federal Claims staff attorney, but he declined to comply because he demanded that the attorney first provide proof of "having passed the bar exam and include her federal employee number." He attaches the aforementioned correspondence for reference.

Plaintiff then goes on to discuss vague alleged First Amendment violations, described as [sic] "control over new agencies plays a significant rol[e] at reducing the threat of death while it also limits illegal framework; however it opens the opportunity of identity theft to place the inheritance at a value above court integrity." Plaintiff claims his "injury is time lost to pursue objectives, then excessive punishment and social deprivation." He seeks "recognition of damages [and] financial allotment including legal considerations."

A court is immune from a damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Likewise, court staff are also subject to immunity. Staff, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.' ") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an

action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process."). Therefore, defendant is entitled to immunity and plaintiff has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (mandating dismissal).

Furthermore, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff fails to raise any federal question. He also fails to satisfy the burden to establish diversity jurisdiction.

For all of these reasons, the complaint is dismissed. An order consistent with this memorandum opinion is issued separately.

United States District Judge

Date: November 8, 2019